**In re GRAND JURY PROCEEDINGS.**

**Appeal of Kenneth ASHCROFT.**

**No. 77–1002.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1977.

Decided June 29, 1977.

Rehearing Denied July 27, 1977.

Michael J. Meehan, Tucson, Ariz., for appellant.

Richard A. Heidenry, Asst. U. S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U. S. Atty., St. Louis, Mo., on brief.

Before BRIGHT and HENLEY, Circuit Judges, and LARSON, District Judge.*

PER CURIAM.

Kenneth Ashcroft moved to quash the service of a subpoena duces tecum requiring his attorney and an accountant to appear before a grand jury for the Eastern District of Missouri, and to bring with them "any and all records and documents of Unique Distributing Systems, Unique Distributing Systems and Manufacturing Company." Ashcroft, the focus of the grand jury proceedings, contended that the records in question, which he had placed in the hands

* EARL R. LARSON, United States District Judge for the District of Minnesota, sitting by designation.

of his attorney in connection with the attorney's representation of Ashcroft, constituted business papers of his *sole proprietorship* and as such were privileged from production by subpoena by Ashcroft's invocation of his fifth amendment privilege against self-incrimination. Following a hearing on the motion, the district court denied Ashcroft relief and he brings this appeal. We affirm.

The district court gave the following reason for denying the motion to quash:

> [T]he government filed a response in opposition to the motion to quash, contesting the assertion that Ashcroft operated Unique Distributing Systems, whose records and documents are the subject of the subpoenas, as a sole proprietorship. A hearing was held on the motion on November 29, 1976. * * * Although movant's attorney and accountant have both stated in affidavits that movant operates Unique Distributing Systems as a sole proprietorship, the documents attached to the government's response in opposition to the instant motion establish that such was not the case. These documents state that Bessie Dzera Ashcroft, movant's wife, is president of the company, that her son Frank is vice-president and advisor, that Chris Clawson is her engineer and designer, and that her husband, movant herein, helps and advises her. A review of these documents leads the Court to conclude that Unique Distributing Systems was not operated by movant as a sole proprietorship. It is clear from this literature that Unique Distributing Systems is a collective entity and that therefore movant can not claim a privilege in connection with the company's documents. *Bellis v. United States* [417 U.S. 85, 101, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).]

On this appeal, Ashcroft does not attack the finding that Unique Distributing Systems is not a sole proprietorship, but now shifts the focus of his claim, arguing that the records are exempt from disclosure under a fifth amendment privilege extending to a "small, husband and wife, business."

The appellant did not present to the district court any affidavits or other support for this claim. The affidavits of the attorney and accountant submitted to the district court by movant contained only conclusory statements that Ashcroft operated Unique Distributing Systems as a sole proprietorship. As pointed out by the district court, the documents submitted by the Government in opposition to the motion to quash, indicated that several persons occupied important positions in that business.

Thus, the district court did not err in concluding that the appellant failed to establish his claim to the fifth amendment privilege. We do not, therefore, reach appellant's argument that business records of a "small, husband and wife, business" qualify for protection from disclosure under subpoena by virtue of the self-incrimination clause of the fifth amendment. *See Bellis v. United States,* 417 U.S. 85, 101, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).

Appellant on this record presents no evidence to support his claim to fifth amendment protection. Accordingly, we affirm.